# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDMOND D. SPENCER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-755**<br>**consolidated with**<br>**NO. 12-1051**<br>**NO. 12-1413**<br>**NO. 12-1461**<br>**NO. 12-1682** |
| **BURL CAIN, WARDEN OF THE LA. STATE PRISON** | **SECTION: "G" (3)** |

## O R D E R

In these federal proceedings, petitioner acknowledges that he has post-conviction proceedings ongoing in the state courts and, therefore, some of his claims are not yet exhausted. In light of that fact, he attempted to preserve his ability to seek review of the unexhausted claims by filing motions for "protective orders" which he assumed would allow him to assert those claims in a later federal petition. However, he was rightly informed by the Clerk's Office that he could not file such motions by themselves; rather, the correct procedure was to file a "mixed" protective petition containing both the exhausted and unexhausted claims along with a motion to stay the federal proceedings pending resolution of the ongoing state proceedings.

Petitioner has attempted to comply with that procedure, although he incorrectly filed multiple petitions rather than a single petition asserting all of his claims. Because it was apparent what petitioner was attempting to accomplish, the Court has simply consolidated the various petitions into one proceeding and has treated the matter as if it were dealing with a single petition containing all

of the claims. The Court will therefore further treat the various motions as ones to stay the consolidated federal proceedings. Nevertheless, for the following reasons, the Court has determined that a stay is not appropriate.

The United States Supreme Court has held that a prisoner who is in the process of seeking state post-conviction relief may file a "protective" *habeas corpus* petition in federal court and ask the federal court to stay and abey the federal proceedings until his state remedies are exhausted. Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005). However, in Rhines v. Weber, 544 U.S. 269 (2005), the United States Supreme Court explained that stays should be granted in only very limited circumstances:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. Cf. Duncan [v. Walker, 533 U.S. 167, 180 (2001)] ("[D]iminution of statutory incentives to proceed first in state court would ... increase the risk of the very piecemeal litigation that the exhaustion requirement is designed to reduce").
>
> For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, *the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.* Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

Rhines, 544 U.S. at 277 (emphasis added).

The state argues that a stay is inappropriate here because petitioner has waited too long to seek federal *habeas corpus* relief. Clearly, claims submitted in an untimely federal application cannot serve as a basis for relief and, therefore, qualify as "plainly meritless." Accordingly, if petitioner's federal applications were already untimely when filed, a stay is not warranted. Bellazar v. Jones, Civ. Action No. 11-2606, 2012 WL 1424487, at *1 n.12 (E.D. La. Mar. 20, 2012), adopted, 2012 WL 1425243 (E.D. La. Apr. 24, 2012); Nellon v. Cain, Civ. Action No. 10-4430, 2012 WL 1142539, at *3 (E.D. La. Jan. 25, 2012), adopted, 2012 WL 1089232 (E.D. La. Mar. 30, 2012); Madden v. Thaler, No. 3:10-CV-1461, 2011 WL 2162910, at *7 (N.D. Tex. May 9, 2011), adopted, 2011 WL 2164154 (N.D. Tex. June 2, 2011); Beane v. Quartman, No. 3:09-CV-0940, 2009 WL 2252060, at *3 (N.D. Tex. July 27, 2009); see also Fenlon v. Thaler, Civ. Action No. H-11-1385, 2011 WL 6326099, at *13 (S.D. Tex. Dec. 16, 2011).

For the detailed reasons set forth in the Report and Recommendation issued this date, it is clear that petitioner's federal limitations period elapsed long before he sought relief in this Court. Because his federal applications are untimely, the motions for a "protective order" and motion to stay must be denied.

Accordingly,

**IT IS ORDERED** that petitioner's motion to stay in Civ. Action No. 12-755 (Rec. Doc. 11) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motions for protective orders in Civ. Action No. 12-1461 (Rec. Docs. 4 and 13) are **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for protective order in Civ. Action

No. 12-1682 (Rec. Doc. 5) is **DENIED**.

If petitioner disagrees with this ruling, he may file a motion for review by the United States District Judge within fourteen days.

New Orleans, Louisiana, this fourth day of September, 2012.

                                        **DANIEL E. KNOWLES, III**
                                        **UNITED STATES MAGISTRATE JUDGE**