UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**EDMOND D. SPENCER**  CIVIL ACTION

**versus**  NO. 12-755
 consolidated with
 NO. 12-1051
 NO. 12-1413
 NO. 12-1461
 NO. 12-1682

**BURL CAIN, WARDEN**  SECTION: "G" (3)

## REPORT AND RECOMMENDATION

These matters were referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that these matters can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petitions be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, Edmond D. Spencer, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On October 30, 1998, he was convicted of second degree murder

under Louisiana law.¹ On December 4, 1998, he was sentenced to a term of life imprisonment without benefit of probation, parole, or suspension of sentence.² On February 16, 2001, the Louisiana First Circuit Court of Appeal affirmed his conviction and sentence.³ He did not seek review of that judgment by the Louisiana Supreme Court.

After more than nine years passed, petitioner filed his first of many state applications for post-conviction relief on or after May 7, 2010.⁴ Due to the multiplicity of his state court filings and the unfortunate tendency of the state courts often to deny relief without explanation, the undersigned finds it impossible to reconstruct exactly what occurred in those various post-conviction proceedings with any degree of certainty. However, it is adequate for the purpose of this proceeding simply to note that the state courts have refused to grant petitioner any form of post-conviction relief.

Meeting with no success in the state courts, petitioner recently began a similar barrage of filings in federal court. He has now filed *five* separate federal *habeas corpus* petitions

---

¹ State Rec., Vol. V of XII, transcript of October 30, 1998, p. 137; State Rec., Vol. I of XII, minute entry dated October 30, 1998; State Rec., Vol. II of XII, jury verdict form.

² State Rec., Vol. V of XII, transcript of December 4, 1998; State Rec., Vol. I of XII, minute entry dated December 4, 1998.

³ State v. Spencer, 808 So.2d 455 (La. App. 1st Cir. 2001) (No. 2000 KA 1318); State Rec., Vol. XII of XII.

⁴ The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana prisoner's *pro se* state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). Here, that date cannot be gleaned with certainty from the record; however, because the application was dated May 7, 2010, it obviously was placed in the mail no earlier than that date.

concerning his second degree murder conviction. The Court has consolidated those various petitions into one proceeding and will treat the matter as if it were dealing with a single petition containing all the claims.[5]

Petitioner's first application was filed on March 14, 2012, and docketed as Civil Action No. 12-755.[6] In support of that application, he is apparently asserting the following claims:

    1.    Petitioner was denied rights guaranteed by the Confrontation Clause;

    2.    The trial court erred in refusing to allow disclosure of the informant's identity;

---

[5] The Court acknowledges that the propriety of treating the multiple petitions in this manner is questionable. The state contends that the petitions in Civil Action Nos. 12-1051, 12-1413, 12-1461, and 12-1682 should instead be treated as "second or successive" petitions which run afoul of the prohibitions set forth in 28 U.S.C. 2244(b). There arguably is support for that contention. See, e.g., In re Sam, No. 12-30137 (5th Cir. Apr. 6, 2012). However, all of the petitions here were filed within a very short period of time before the state had even responded to the first petition. There is simply no indication that petitioner's decision to file five essentially contemporaneous petitions stemmed from any nefarious desire to abuse the system or to obtain piecemeal review of his claims. Rather, it appears that the *pro se* petitioner was merely unaware of the proper way to proceed in light of the procedurally complex history of his case in the state courts. That confusion is understandable, and the Court finds that it is therefore more fair and sensible to treat the petitions as one consolidated matter. This is especially true in light of the fact that all of the petitions are untimely and, as such, are subject to dismissal with prejudice on that basis. As a result, the state is not prejudiced by the Court's decision to proceed in this manner.

[6] "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). That date cannot be gleaned with certainty with respect to petitioner's federal applications. However, petitioner has dated each of his applications, and, for the purposes of this proceeding, the Court will simply consider those dates to be the dates of filing.

3. There was insufficient evidence to support petitioner's conviction;

4. The knife introduced into evidence at trial was not the murder weapon;

5. Petitioner received ineffective assistance of counsel; and

6. The decision on direct appeal was erroneous.

Next, on April 12, 2012, petitioner filed a second federal *habeas corpus* petition which was docketed as Civil Action No. 12-1051. In support of that application, he is apparently asserting the following claims:

1. The decision on direct appeal was erroneous;

2. Petitioner received ineffective assistance of counsel on appeal;

3. Petitioner was denied the right to appeal; and

4. Petitioner was denied the right to full appellate review due to defects in the transcript.

Then, on May 31, 2012, petitioner filed a third federal *habeas corpus* petition which was docketed as Civil Action No. 12-1413. In support of that application, he asserts the following claims:

1. New evidence proves that petitioner is actually innocent;

2. Petitioner was denied his rights under the Confrontation Clause;

3. Petitioner was denied a fair trial;

4. There was insufficient evidence to support petitioner's conviction;

5. Petitioner was denied the right to appellate review;

6. Petitioner received ineffective assistance of counsel both at trial and on appeal;

7. Petitioner was denied his right to compulsory process; and

8. Petitioner is actually innocent and, therefore, his continued incarceration violates the Eighth Amendment.

Also on May 31, 2012, petitioner filed a fourth federal *habeas corpus* petition which was docketed as Civil Action No. 12-1461. In support of that application, he again asserted that he is actually innocent and claimed that the state courts were denying his rights in the state post-conviction proceedings.

Lastly, on June 27, 2012, petitioner filed a fifth federal *habeas corpus* petition which was docketed as Civil Action No. 12-1682. In support of that application, he asserted that the trial judge improperly sent written evidence into the jury room during deliberations.

The state argues that petitioner's federal applications are untimely. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for the filing of federal *habeas corpus* applications. The method for calculating a petitioner's one-year period is set forth in 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

<u>28 U.S.C. § 2244(d)(1)(A)</u>

As noted, under Subsection A, a federal *habeas corpus* application is timely only if filed within one year of the date on which the underlying criminal judgment became final. On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. <u>Roberts v. Cockrell</u>, 319 F.3d 690, 693 (5th Cir. 2003). *However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires."* <u>Id</u>. at 694; see also <u>Foreman v. Dretke</u>, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008) (emphasis added).

In the instant case, the Louisiana First Court of Appeal affirmed petitioner's conviction and sentence on February 16, 2001. Under Louisiana law, he then had thirty days to file a writ application with the Louisiana Supreme Court to challenge that judgment. Louisiana Supreme Court Rule X, § 5(a).[7] Because he filed no such application, his state criminal judgment became final for the purposes of the AEDPA, and his federal limitations period therefore commenced, on March 19, 2001. See Butler, 533 F.3d at 317-18. The federal limitations period then expired one year later on March 19, 2002, unless that deadline was extended through tolling.

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, petitioner had no such applications pending at any time during the applicable one-year period. Therefore, he is not entitled to any statutory tolling credit under 28 U.S.C. § 2244(d)(2).[8]

---

[7] Here, the thirtieth day of that period fell on a Sunday; therefore, the deadline here was extended until Monday, March 19, 2001. See La.C.Cr.P. art. 13; La.Rev.Stat.Ann. § 1:55.

[8] The Court notes that petitioner subsequently sought state post-conviction relief beginning in May of 2010. However, applications filed *after* the expiration of the federal statute of limitations have no bearing on the timeliness of his federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put, once the federal limitations period expired, "[t]here was nothing to toll." Butler, 533 F.3d at 318.

The Court must next consider equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.[9]

Because petitioner is entitled to neither statutory nor equitable tolling, his federal applications for *habeas corpus* relief had to be filed on or before March 19, 2002, in order to be timely under Subsection A. Because his applications were not filed until more than a decade later in 2012, they are clearly untimely under that subsection.

---

[9] Out of an abundance of caution, the Court notes that petitioner contends that he is actually innocent of the crime of which he stands convicted. However, the United States Fifth Circuit Court of Appeals has held: "[A] petitioner's claims of actual innocence are relevant to the timeliness of his petition if they justify equitable tolling of the limitations period. We have previously held that they do not." Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002). It is therefore clear that a claim of actual innocence is insufficient to warrant equitable tolling. Tate v. Parker, 439 Fed. App'x 375, 376 n.1 (5th Cir. 2011); Price v. Cain, Civ. Action No. 11-071, 2011 WL 2937285, at *4 (E.D. La. July 19, 2011); Mattox v. Cain, Civ. Action No. 08-4295, 2011 WL 291283 (E.D. La. Jan. 25, 2011).

Accordingly, unless petitioner is entitled to a delayed commencement of the statute of limitations under Subsections B, C, or D, his federal applications are untimely. For the following reasons, it is clear that those remaining subsections are not applicable in the instant case.

### 28 U.S.C. § 2244(d)(1)(B)

Under Subsection B, the commencement of the federal limitations period is delayed if petitioner was prevented from filing a timely petition due to a state action which violated the Constitution or laws of the United States. In these proceedings, petitioner has not alleged, much less proved, that any such state action prevented him from seeking relief in a timely manner.

### 28 U.S.C. § 2244(d)(1)(C)

Under Subsection C, the commencement of the federal limitations period is delayed if petitioner's claim is based a constitutional right which has been newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. This Court notes that petitioner is asserting a claim based on Melendez-Diaz v. Massachusetts, 557 U.S. 305 (2009). However, Melendez-Diaz is not retroactively applicable to cases on collateral review, and so § 2244(d)(1)(C) is inapplicable and does not affect the timeliness of petitioner's federal application. See, e.g., Arita v. Cain, Civ. Action No. 11-636, 2011 WL 4738666, at *2 (E.D. La. Aug. 25, 2011), adopted, 2011 WL 4738658 (E.D. La. Oct. 6, 2011); Walker v. Johnson, No. 2:10CV548, 2011 WL 2119260, at *4 (E.D. Va. Apr. 19, 2011), adopted, 2011 WL 2119141 (E.D.Va. May 27, 2011), appeal dismissed, 449 Fed. App'x 276 (4th Cir. 2011), cert. denied, 132 S.Ct. 2121 (2012).

## 28 U.S.C. § 2244(d)(1)(D)

Under Subsection D, the commencement of the federal limitations period is delayed if petitioner's claim is based on a factual predicate which could not have been discovered earlier through the exercise of due diligence.

In his federal applications petitioner makes various references to "newly discovered evidence" which he claims now shows that he is actually innocent of the crime of which he stands convicted. Specifically, he alleges that (1) new forensic testing procedures would show that the knife admitted into evidence at trial was not in fact used in the murder,[10] (2) a new witness, Gary W. Slaydon, Jr., has come forward stating that he has knowledge that petitioner is innocent,[11] and (3) a new witness, Constance Maye, has come forward stating that the murder was committed by her husband, Cole Maye, and Jimmy Seal.[12]

Such evidence of innocence which surfaces after trial simply does not trigger the provisions of Subsection D. This type of "newly discovered evidence" is the basis for a claim of "actual innocence"; however, an "actual innocence" claim is not cognizable in a federal *habeas corpus* proceeding. As Justice Holmes noted long ago, what a federal *habeas* court has "to deal with is *not* the petitioner['s] innocence or guilt but *solely* the question whether [his] constitutional rights have been preserved." Moore v. Dempsey, 261 U.S. 86, 87-88 (1923) (emphasis added). The Supreme Court reiterated that view seventy years later, noting:

---

[10] This "evidence" is mentioned in his application in Civ. Action No. 12-755.

[11] This "evidence" is mentioned in his application in Civ. Action No. 12-1413.

[12] This "evidence" is mentioned in his application in Civ. Action No. 12-1461.

> Claims of actual innocence based on newly discovered evidence have *never* been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding. ... This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution – *not* to correct errors of fact.

Herrera v. Collins, 506 U.S. 390, 400 (1993) (emphasis added); see also Kincy v. Dretke, 92 Fed. App'x 87, 92 (5th Cir. 2004); Lucas v. Johnson, 132 F.3d 1069, 1074 (5th Cir. 1998); Newman v. Cain, Civ. Action No. 09-4445, 2010 WL 1817771, at *7-8 (E.D. La. Apr. 12, 2010), adopted, 2010 WL 1838064 (E.D. La. May 4, 2010); Bolton v. Cooper, Civ. Action No. 07-626, 2007 WL 2713259, at *4 (E.D. La. Sept. 14, 2007). Where, as here, a convicted inmate uncovers new evidence tending to prove his innocence, his recourse is to seek executive clemency, not federal *habeas corpus* relief. Herrera, 506 U.S. at 417.

Because claims of actual innocence based on newly discovered evidence do not state a ground for federal *habeas* relief absent an independent constitutional violation occurring in the underlying state criminal proceedings, such evidence does not trigger the provisions of § 2244(d)(1)(D). Hammack v. Quarterman, No. 4:06-CV-111, 2006 WL 1831329, at *3 (N.D. Tex. June 30, 2006); Pruett v. Cockrell, No. 4-99-CV-781, 2001 WL 1516735, at *9 (N.D. Tex. Nov. 21, 2001); see also Madison v. Scott, No. 3:11CV243, 2012 WL 930932, at *2 (S.D. Miss. Mar. 19, 2012); Ware v. Secretary, Department of Corrections, No. 8:11-cv-418, 2011 WL 5525359, at *6 (M.D. Fla. Nov. 14, 2011) ("Since a free-standing claim of actual innocence is not a cognizable claim, [a prisoner] is not entitled to employ such a claim to reset his time clock under § 2244(d)(1)(D)."); Tate v. Parker, No. 4:06CV99, 2010 WL 2606045, at *2-3 (S.D. Miss. June 22,

2010), aff'd, 439 Fed. App'x 375 (5th Cir. 2011); Morales v. McNeil, No. 09-21335-CIV, 2010 WL 2976552, at *4 (S.D. Fla. June 14, 2010) ("[T]o the extent that any or all of the affidavit testimony is being offered in support of the petitioner's claim that he is entitled to habeas relief on the basis of newly discovered evidence of his innocence, the petitioner would not be entitled to tolling under § 2244(d)(1)(D), because this evidence suggesting his innocence is actually the claim itself, rather than the factual predicate of an independent claim. Because claims of actual innocence based on newly discovered evidence do not state a ground for federal habeas relief absent an independent constitutional violation, the petitioner would not be entitled to tolling under § 2244(d)(1)(D)."), adopted, 2010 WL 2976550 (S.D. Fla. July 20, 2010); Green v. Stevenson, No. 6:08-4152, 2009 WL 3562297, at *6 (D.S.C. Oct. 30, 2009).

The only other instance in which petitioner references purportedly "newly discovered evidence" is in Civil Action No. 12-1682 concerning his claim that "[a]t least one of the jurors from my trial has admitted that the trial judge sent written evidence – the written statement and confession of the state's key witness – into the jury room during deliberations to prevent a second hung-jury mistrial."[13] However, that allegation likewise does not trigger Subsection D for the following three reasons.

First, petitioner has submitted no evidence whatsoever showing that this in fact occurred. Second, even if it did occur and even if petitioner could produce evidence of that fact, he has not explained why this evidence could not have been discovered years ago. Subsection D does not delay the commencement of the limitations period until the date on which the factual predicate

---

[13] Rec. Doc. 1, p. 5, in Civ. Action No. 12-1682.

of a claim *was in fact discovered*; rather, it delays it only until the date on which it "*could have been discovered through the exercise of due diligence*." See, e.g., Stokes v. Avoyelles Correctional Center, Civ. Action No. 11-2879, 2012 WL 1019826, at *4 (E.D. La. Mar. 9, 2012), adopted, 2012 WL 1019125 (E.D. La. Mar. 26, 2012); Hunter v. Cain, Civ. Action No. 11-670, 2011 WL 5024355, at *3 (E.D. La. Sep. 23, 2011), adopted, 2011 WL 5023908 (E.D. La. Oct. 20, 2011). This event, if it occurred at all, occurred during the trial which took place in 1998. There is no reason to believe that this fact could not have been discovered at that time.

Third, even if it did occur and even if the evidence could not have been discovered until recently, that fact still is of no moment for the purposes of this proceeding. It is true that *state* law provides that the jury generally is not to have access to written evidence. La. Code Crim. P. art. 793(A); State v. Perkins, 423 So.2d 1103, 1109-10 (La. 1982). However, because this claim alleges a violation of only state law and no federal constitutional provision is in any way implicated, the claim simply is not cognizable in this federal *habeas corpus* proceeding. See, e.g., McKinney v. Warden, Louisiana State Penitentiary, No. 08-CV-1263, 2012 WL 1424506, at *8 (W.D. La. Mar. 14, 2012) ("The habeas statute allows a federal court to issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody and in violation of the Constitution or laws or treaties of the United States. The Supreme Court has stated many times that federal habeas corpus relief does not lie for errors of state law. Accordingly, any violation of La. C. Cr. P. art. 793 is not a basis for relief." (citation and quotation marks omitted)), adopted, 2012 WL 1429385 (W.D. La. Apr. 23, 2012); see also Sharp v. Warden, Louisiana State Penitentiary, Civ. Action No. 08-cv-0989, 2011 WL 4551166, at *11 (W.D. La. Mar. 14, 2012), adopted, 2011 WL 4550938 (W.D. La. Sept.

29, 2011). As previously explained in the discussion of petitioner's "actual innocence" claim, the provisions of Subsection D are inapplicable where the "factual predicate" at issue relates to a claim that is not cognizable under 28 U.S.C. § 2254. See, e.g., United States *ex rel.* Reynolds v. Davis, No. 10 C 3856, 2010 WL 4340260, at *3 (N.D. Ill. Oct. 22, 2010). Because this claim of an alleged violation of La. Code Crim. P. art. 793(A) presents no federal claim, the provisions of Subsection D were not triggered regardless of when petitioner could have or did in fact discover "evidence" of the purported error by the trial judge.

In summary, none of the "newly discovered evidence" mentioned in petitioner's various federal applications could serve as the "factual predicate" for a claim cognizable under 28 U.S.C. § 2254. Therefore, the provisions Subsection D do not apply in this case. In light of that fact, as well as the fact that Subsections B and C are inapplicable for the reasons previously discussed, Subsection A controls. However, as explained earlier in this opinion, petitioner's federal applications are clearly untimely under Subsection A. Therefore, the applications should be dismissed with prejudice.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the applications for federal *habeas corpus* relief filed by Edmond D. Spencer in Civil Action Nos. 12-755, 12-1051, 12-1413, 12-1461, and 12-1682 be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[14]

New Orleans, Louisiana, this fourth day of September, 2012.

*Daniel E. Knowles, III*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[14] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.