UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDMOND D. SPENCER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-755**<br>**consolidated with**<br>**NO. 12-1051**<br>**NO. 12-1413**<br>**NO. 12-1461**<br>**NO. 12-1682** |
| **BURL CAIN, WARDEN** | **SECTION: "G" (3)** |

### O R D E R

Before the Court are Edmond D. Spencer's ("Petitioner") consolidated[1] Petitions for Writs of Habeas Corpus[2] and his timely filed objections[3] to the September 4, 2012 Report and Recommendation of the United States Magistrate Judge Daniel E. Knowles, III,[4] which recommends that the petitions be denied with prejudice as untimely.

Petitioner raises the following seven objections:

1. Petitioner's claims are not "untimely and/or procedurally barred" because he "has raised a Freestanding Actual Innocence Claim, and according to the U.S. Supreme Court's ruling in *House v. Bell*, the standard for habeas review in provisions of the [AEDPA] is not applicable to a first

---

[1] *See* Rec. Docs. 17, 21, 22, 23, 24, 25 (consolidating Spencer's five separate petitions).

[2] Civ. Action No. 12-755 Rec. Doc. 1; Civ. Action No. 12-1051, Rec. Doc. 1; Civ. Action No. 12-1413, Rec. Doc. 1; Civ. Action No. 12-1461, Rec. Doc. 1; Civ. Action No. 12-1682, Rec. Doc. 1.

[3] Rec. Doc. 33.

[4] Rec. Doc. 32.

habeas petition seeking consideration of defaulted claims based on a showing of actual innocence."[5]

2. Petitioner's claims of actual innocence in conjunction with the "numerous constitution[al] violations" he raises can never be procedurally barred or untimely.[6]

3. Petitioner's ineffective assistance of counsel on direct appeal "may serve as a cause for procedurally defaulted claims."[7]

4. Petitioner wishes to have DNA evidence retested to identify DNA at the crime scene that did not belong to petitioner or the victim, and potentially belongs to two men that have now been identified by witnesses who are willing to testify at trial.[8]

5. Magistrate Judge Knowles' conclusion that there is no proof supporting Petitioner's claim that written evidence was sent into the jury room during deliberations is premature and an abuse of discretion.[9]

6. Petitioner raises a claim that the trial record is incomplete and insufficient for appellate and/or habeas review.[5]

7. The Supreme Court's holding in *Melendez-Diaz v. Massachusetts*, requiring forensic analysts to appear in court and be subject to cross examination, establishes a substantive rule of Confrontation, which should apply retroactively to Petitioner's case.[8]

---

[5] Rec. Doc. 33 at 1.

[6] *Id.* at 2.

[7] *Id.*

[8] *Id.* at pp. 2-3.

[9] *Id.* at p. 3.

[5] *Id.* at p. 4.

[8] *Id.* at p. 4.

The Court, having reviewed *de novo* the petitions, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and Petitioner's aforementioned objections, hereby approves the Magistrate Judge's Report and Recommendation[9] and adopts it as its own opinion. Accordingly,

**IT IS ORDERED** that the federal petitions of **Edmond D. Spencer** for *habeas corpus* relief are **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this  14th  day of December, 2012.

                                                **NANNETTE JOLIVETTE BROWN**
                                                **UNITED STATES DISTRICT JUDGE**

---

[9] Rec. Doc. 32.