# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDMOND D. SPENCER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-755**<br>**consolidated with**<br>**NO. 12-1051**<br>**NO. 12-1413**<br>**NO. 12-1461**<br>**NO. 12-1682** |
| **BURL CAIN, WARDEN** | **SECTION "G"(3)** |

## CERTIFICATE OF APPEALABILITY

Having separately issued a final order[1] in connection with the captioned habeas corpus proceedings, in which the detention complained of arises out of process issued by a state court, the Court, after considering the record and the requirements of 28 U.S.C. § 2253 and Fed. R. App. P. 22(b), hereby orders that,

_____  a certificate of appealability shall be issued having found that petitioner has made a substantial showing of the denial of a constitutional right related to the following issue(s):

\_\_X\_\_\_  a certificate of appealability shall not be issued for the following reason(s):

Edmond D. Spencer's petitions are clearly time-barred, and that determination would not engender debate among reasonable jurists.[2]

**NEW ORLEANS, LOUISIANA**, this \_\_14th\_\_ day of December, 2012.

*Nannette Jolivette Brown*
**UNITED STATES DISTRICT JUDGE**

---

[1] Rec. Doc. 36.

[2] *Miller-El v. Cockerell*, 537 U.S. 322, 336 (2003) (holding that the "controlling standard" for a certificate of appealability requires "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further" (internal quotations omitted)).