UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDMOND D. SPENCER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-755**<br>c/w     12-1051<br>        12-1413<br>        12-1461<br>        12-1682 |
| **BURL CAIN, WARDEN** | **SECTION: "G" (3)** |

## ORDER AND REASONS

Before the Court is Petitioner Edmond D. Spencer's ("Petitioner") "Motion for Relief from Judgment or Order Pursuant to Rule 60(b) Fed. R. Civ. P,"[1] wherein he requests relief from the Court's December 14, 2012 Judgment, dismissing with prejudice his petition for federal habeas corpus relief.[2] Having considered the motion, the record, and the applicable law, for the reasons that follow, the Court will deny the motion.

## I. Background[3]

Petitioner is incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On October 30, 1998, he was convicted of second-degree murder under Louisiana law. On December 4, 1998, he was sentenced to a term of life imprisonment without benefit of probation, parole, or suspension of sentence. The Louisiana First Circuit Court of Appeal affirmed his

---

[1] Rec. Doc. 69.

[2] Rec. Doc. 38.

[3] The following background derives from the Report and Recommendation issued by Magistrate Judge Knowles and adopted by this Court on December 14, 2012. *See* Rec. Docs. 32, 36.

1

conviction and sentence on February 16, 2001. Petitioner did not seek review of that judgment by the Louisiana Supreme Court.

More than nine years later, on or after May 7, 2010, Petitioner filed his first of many state applications for post-conviction relief. The state courts refused to grant him any form of post-conviction relief.

Between March 14, 2012 and June 27, 2012, Petitioner filed five separate federal habeas corpus petitions concerning his second-degree murder conviction.[4] The Court consolidated all of these actions under Civil Action No. 12-0755. On September 4, 2012, the Magistrate Judge issued a Report and Recommendation recommending that the petitions be dismissed as untimely.[5] This Court adopted that recommendation on December 14, 2012, and dismissed the petitions with prejudice as untimely.[6] On December 21, 2012, Petitioner filed a Notice of Appeal.[7] On July 11, 2013, the United States Fifth Circuit Court of Appeals denied Petitioner's Motion for a Certificate of Appealability.[8]

Petitioner has previously filed four Rule 60(b) motions for relief from the December 21, 2012 Judgment.[9] On March 24, 2015, the Court denied Petitioner's motions for relief from judgment, finding that Petitioner had not established entitlement to relief from the Court's prior

---

[4] Petitioner separately has pursued a habeas petition in this Court related to his 1991 conviction for simple burglary, battery on a police officer and resisting arrest, and unauthorized entry of an inhabited dwelling. *See generally* Case No. 12-0758. That petition also has been denied with prejudice. *See id.*, Rec. Doc. 29 at 6. On June 10, 2013, Petitioner filed a motion for relief from that judgment. *Id.*, Rec. Doc. 33.

[5] *See* Rec. Doc. 32 at 14–15.

[6] Rec. Doc. 36.

[7] Rec. Doc. 40.

[8] Rec. Doc. 41.

[9] Rec. Docs. 43, 48, 53.

Order and Judgment dismissing his claims as untimely.[10] On March 31, 2015, Petitioner filed a Notice of Appeal to the United States Fifth Circuit Court of Appeals.[11] On April 25, 2016, the Fifth Circuit denied Petitioner's request for a Certificate of Appealability, finding that Petitioner had not shown that "jurists of reason could conclude that the district court abused its discretion by denying his Rule 60(b) motions."[12]

On August 31, 2015, Petitioner filed another Rule 60(b) motion.[13] On August 8, 2016, the Court denied Petitioner's motion for relief from judgment, again finding that Petitioner had not established entitlement to relief from the Court's prior Order and Judgment dismissing his claims as untimely.[14] On September 15, 2016, Petitioner filed the instant Rule 60(b) motion, raising identical issues to those raised in his prior Rule 60(b) motions.[15]

## II. Parties' Arguments

### A. *Petitioner's Arguments in Support of Rule 60(b) Motion*

Petitioner moves the Court for relief from its December 14, 2012 Order and Judgment dismissing his claims as untimely.[16] Petitioner asserts that he raised the following grounds for relief: (1) ineffective assistance of trial counsel; and (2) ineffective assistance of counsel in state

---

[10] Rec. Doc. 59.

[11] Rec. Doc. 60.

[12] Rec. Doc. 66 (quoting *Hernandez v. Thaler*, 630 F.3d 420, 428 (5th Cir. 2011) (quotation marks omitted)).

[13] Rec. Doc. 63.

[14] Rec. Doc. 68.

[15] Rec. Doc. 69.

[16] *Id.* at 1.

3

habeas proceedings.[17] Petitioner asserts that this Court has never ruled on these claims.[18] Moreover, Petitioner notes that the Fifth Circuit has held that "Louisiana prisoners can benefit from the *Martinez/Trevino* exception to the procedural-default rule if they can show that they have a substantial [ineffective assistance of counsel] claim and received [ineffective assistance of counsel] from state habeas counsel."[19] Accordingly, Petitioner moves the Court for relief from its prior judgment.[20]

## *B. The State's Response*

The State did not file a response to Petitioner's motion, despite receiving electronic notice of the filing.

## **III. Law and Analysis**

Federal Rule of Civil Procedure 60 regulates the procedures by which a party may obtain relief from a final judgment. Rule 60(b) provides that a court "may relieve a party from a final judgment, order, or proceeding" for any of the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect;
(2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by any opposing party;
(4) The judgment is void;
(5) The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) Any other reason that justifies relief.[21]

---

[17] *Id.*

[18] *Id.*

[19] *Id.* at 2 (citing *Coleman v. Goodwin*, 833 F.3d 537 (5th Cir. 2016)).

[20] *Id.*

[21] Fed. R. Civ. P. 60(b).

"Motions under Rule 60(b) are directed to the sound discretion of the district court, and its denial of relief upon such motion will be set aside on appeal only for abuse of that discretion."[22]

Rule 60(b) has been used to reopen a judgment in a *habeas corpus* proceeding. However, in the *habeas* context a court must evaluate the motion carefully to determine whether it actually is a successive *habeas* corpus application governed by the special procedures of 28 U.S.C. § 2244 rather than a Rule 60(b) motion. As explained by the Supreme Court in *Gonzalez v. Crosby*, the difference lies in the relief the petitioner is seeking.[23] Relief from the federal *habeas* judgment should be based on arguments relating to the conduct of the federal action and may be appropriate under one of the grounds enumerated in Rule 60(b), whereas relief premised on arguments relating to flaws in the underlying state-law conviction falls under 28 U.S.C. § 2244.[24]

In the instant motion, Petitioner argues that the Supreme Court's recent holdings in *Martinez v. Ryan* and *Trevino v. Thaler* apply to his case.[25] This Court previously rejected this same argument in a March 24, 2015 Order denying Rule 60(b) motions previously filed by Petitioner.[26] The Fifth Circuit subsequently denied Petitioner's request for a Certificate of Appealability, finding that Petitioner had not shown that "jurists of reason could conclude that the district court abused its discretion by denying his Rule 60(b) motions."[27]

---

[22] *Seven Elves v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).

[23] 545 U.S. 524, 532 (2005).

[24] *Id.* (holding that a Rule 60(b) motion for relief from judgment challenging the district court's dismissal of a habeas petition as time-barred under § 2244(d) did not qualify as a successive petition).

[25] Rec. Doc. 69.

[26] Rec. Doc. 59.

[27] Rec. Doc. 66 (quoting *Hernandez v. Thaler*, 630 F.3d 420, 428 (5th Cir. 2011) (quotation marks omitted)).

As the Court noted in its March 24, 2015 Order denying Petitioner's prior Rule 60 motions, *Martinez v. Ryan* and *Trevino v. Thaler* relate to procedural default.[28] Here, the Court dismissed the habeas petition on December 14, 2012, because it found that Petitioner's claims were untimely, not that there was a procedural default preventing him from raising them. Therefore, as the Court has previously found *Martinez* and *Trevino* do not apply to Petitioner's case.[29] Accordingly, Petitioner has not established entitlement to relief from the Court's December 14, 2012 Order and Judgment dismissing his claims as untimely.

### IV. Conclusion

For the foregoing reasons, the Court finds that Petitioner has not established entitlement to relief from the Court's December 14, 2012 Order and Judgment dismissing his claims as untimely. Accordingly,

**IT IS HEREBY ORDERED** that the Petitioner's "Motion for Relief from Judgment or Order Pursuant to Rule 60(b) Fed. R. Civ. P"[30] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 10th  day of April, 2017.

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[28] Rec. Doc. 59 at 14–15 (citing *Martinez v. Ryan*, 88 132 S.Ct. 1309 (2012); *Trevino v. Thaler*, 89 133 S.Ct. 1911, 1921 (2013)).

[29] *Id. See also Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period.").

[30] Rec. Doc. 63.